FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 6 - 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HECTOR COLON,

                       Plaintiff,

       — against —

UNITED STATES LIABILITY INSURANCE
GROUP d/b/a U.S. UNDERWRITERS
INSURANCE COMPANY,

                       Defendant.
-----------------------------------------------------------------X
U.S. UNDERWRITERS INSURANCE COMPANY,

                       Third-Party Plaintiff,

       — against —

MALBA BAY ESTATES INC., MALBA BAY
HOMEOWNERS ASSOCIATIONS INC., MALBA
BAY CORP.,

                       Third-Party Defendants.
-----------------------------------------------------------------X

**MEMORANDUM and ORDER**

06-CV-5422 (SLT)(VVP)

**TOWNES, United States District Judge:**

Plaintiff Hector Colon brought this diversity action against U.S. Underwriters Insurance Company ("U.S. Underwriters") to determine U.S. Underwriters' obligation to indemnify its insured, Malba Bay Estates Inc. ("Malba Bay Estates"), for a personal injury judgment in favor of plaintiff. After plaintiff secured the judgment against Malba Bay Estates, U.S. Underwriters disclaimed coverage on the grounds that notice of the claim was untimely and that the policy expressly excluded coverage. U.S. Underwriters moves for summary judgment, and, for the reasons set forth below, the motion is granted.

## I. BACKGROUND

Plaintiff was working at a construction site as an employee of One Cross Island Plaza, Ltd., on November 24, 2000, when a pile of sheet rock fell onto his leg. An ambulance provided medical care for plaintiff's injured leg at the scene of the accident and then transported plaintiff to the emergency room for further care. On July 19, 2002, Colon filed a personal injury action in the Supreme Court of New York, Queens County. According to the complaint in that action, Malba Bay Estates and Malba Bay Homeowners Association, Inc., owned the premises and hired One Cross Island Plaza to perform construction work.[1] (Def. Ex. 6). The complaint alleged that the injury was caused by the negligent failure of Malba Bay Homeowners Association and Malba Bay Estates to provide a safe work environment. Plaintiff was ultimately awarded a default judgment against Malba Bay Estates in the amount of $708,975.34. (Pl. Ex. B).

On July 17, 2006, plaintiff filed this action in the New York Supreme Court, Queens County, to determine whether U.S. Underwriters is obligated to indemnify Malba Bay Estates for the personal injury judgment.[2] On October 5, 2006, U.S. Underwriters removed the action to the Eastern District of New York on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. On May 17, 2007, U.S. Underwriters filed a third-party complaint against Malba Bay

---

[1] The parties' papers reflect confusion regarding the relationship among Malba Bay Estates, Malba Bay Homeowners Association, Malba Bay Corp., and One Cross Island Plaza. Defendant argues that Malba Bay Estates, Malba Bay Corp., and One Cross Island Plaza should be treated as one entity, but plaintiff maintains otherwise. The relationship among these entities does not, however, affect the disposition of this action, and, as a result, this Court declines to resolve the issue.

[2] The insurance policy issued to Malba Bay Estates by U.S. Underwriters covered the period from July 17, 2000, to July 17, 2001, and contained a per-occurrence limit of $1,000,000 and a general aggregate limit of $2,000,000. (Def. Ex. 7).

Estates, Malba Bay Homeowners Association, and Malba Bay Corp. The action against Malba Bay Homeowners Association was dismissed on August 13, 2007, pursuant to a stipulation between U.S. Underwriters and Malba Bay Homeowners Association.

On September 23, 2002, U.S. Underwriters disclaimed liability on two grounds. First, U.S. Underwriters took the position that it had not been provided with a timely notice of claim as required by the insurance policy. Second, U.S. Underwriters took the position that the policy did not cover plaintiff's injury because it expressly excluded coverage for bodily injury to employees of Malba Bay Estates and employees of independent contractors retained by Malba Bay Estates. On those grounds, U.S. Underwriters moves for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the movant meets this burden, the nonmovant must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *accord W. World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990). The nonmovant cannot "'escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts' or defeat the motion through 'mere speculation or conjecture.'" *W. World*, 922 F.2d at 121 (citation omitted). Moreover, the disputed facts must be material to the issue in that

they "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994) (citing *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988)).

## III. DISCUSSION

### A. *Choice of Law*

The parties agree that this case is governed by New York law. "[W]here the parties have agreed to the application of the forum law, their consent concludes the choice of law inquiry." *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997) (citing *Tehran-Berkeley Civil & Envtl. Eng'rs v. Tippetts-Abbett-McCarthy-Stratton*, 888 F.2d 239, 242 (2d Cir. 1989); *In re Holborn Oil Trading Ltd. & Interpetrol Bermuda Ltd.*, 774 F. Supp. 840, 843 (S.D.N.Y. 1991)); *accord Texaco A/S (Denmark) v. Commercial Ins. Co.*, 160 F.3d 124, 128 (2d Cir. 1998).

### B. *Timeliness of Notice*

Under New York law, an insurer may require notice at the earliest time practicable after a loss. *Utica Mut. Ins. Co. v. Fireman's Fund Ins. Cos.*, 748 F.2d 118, 121 (2d Cir. 1984). Failure to comply with such a requirement precludes liability regardless of whether the lack of notice prejudiced the insurer. *Id.*

The policy issued by U.S. Underwriters to Malba Bay Estates required notice of the occurrence or offense "as soon as practicable." (Insurance Policy, Def. Ex. 7, at 8). A requirement that notice be provided "as soon as practicable" is satisfied if notice is given within a

4

reasonable time after discovery of the loss. *Id.* "New York law . . . requires that the time of discovery be determined according to an objective test, based on the conclusions that a reasonable person would draw from the facts known to the insured." *Id.* at 122 (citing *Sec. Mut. Ins. Co. v. Acker-Fitzsimons Corp.*, 293 N.E.2d 76, 78–90 (N.Y. 1972)). The burden of proof is on the insured to establish an excuse for the delay. *Sec. Mut. Ins. Co.*, 293 N.E.2d at 78–79.

The notice provided to U.S. Underwriters by Malba Estates was untimely. The accident occurred in November 2000, and U.S. Underwriters was not notified until September 2002. This delay of nearly 22 months was unreasonable under New York law, as New York courts have held provisions requiring notice "as soon as practicable" to be violated by substantially shorter delays. *Deso v. London & Lancashire Indem. Co.*, 143 N.E.2d 889, 891 (N.Y. 1957) (51 days); *Paramount Ins. Co. v. Rosedale Gardens, Inc.*, 743 N.Y.S.2d 59 (App. Div. 2002) (more than seven months); *Heydt Contracting Corp. v. Am. Home Assurance Co.*, 536 N.Y.S.2d 770 (App. Div. 1989) (131 days); *Republic N.Y. Corp. v. Am. Home Assurance Co.*, 509 N.Y.S.2d 339 (App. Div. 1986) (45 days); *Power Auth. v. Westinghouse Elec. Corp.*, 502 N.Y.S.2d 420, 423 (App. Div. 1986) (53 days).

No genuine issue of material fact exists regarding the time at which Malba Bay Estates became aware of the accident, and, as a result, plaintiff and Malba Bay Estates are unable as a matter of law to carry their burden of establishing an excuse for Malba Bay Estates' delayed provision of notice. Plaintiff testified in his deposition that, on the day of the accident, he was discovered under a pile of sheet rock by an employee of One Cross Island named Albert, who served as supervisor when the usual supervisors were not present. (Colon Dep., Def. Ex. 13, at 18). Plaintiff now contends in his memorandum of law that the identity of Albert is unclear and

Albert's knowledge cannot be imputed to Malba Bay Estates.³ Plaintiff's argument is insufficient to defeat summary judgment because plaintiff alleges no specific facts indicating that a genuine factual issue exists. *See Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (quoting *Wright v. Coughlin*, 132 F.3d 133, 137 (2d Cir. 1998)) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Instead, plaintiff relies entirely on conclusory allegations and unsubstantiated speculation that Malba Bay Estates was not aware of plaintiff's injury. *See id.* (citing *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998); *Argus Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 42 (2d Cir. 1986)). This deficiency is particularly problematic because the burden is on plaintiff and Malba Bay Estates to establish lack of knowledge of the accident.

When, as here, the insured fails to provide timely notice and does not have an adequate excuse, the injured party may provide the required notice and thereby avoid being charged with the delay of the insured. *Eveready Ins. Co. v. Chavis*, 540 N.Y.S.2d 860, 861 (App. Div. 1989) (quoting *Lauritano v Am. Fid. Fire Ins. Co.*, 162 N.Y.S.2d 553, 557 (App. Div. 1957), *aff'd*, 152 N.E.2d 546 (N.Y. 1958)). Although the injured party is not held to the same standard as the insured, *id.* (quoting *Lauritano*, 162 N.Y.S.2d at 557), "[t]he injured party has the burden of proving that he or his counsel acted diligently in attempting to ascertain the identity of the insurer and, thereafter, expeditiously notified the insurer," *id.* (citing *Rushing v. Commercial Cas. Ins.*

---

³ It is not entirely clear whether plaintiff seeks to contradict the testimony in his deposition. Nonetheless, to the extent that the memorandum of law contradicts the deposition, the new allegations are insufficient to defeat summary judgment. *Hayes v. N.Y. City Dep't of Corrs.*, 84 F.3d 614, 619 (2d Cir. 1996) (citing *Perma Res. & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969); *Martin v. City of N.Y.*, 627 F. Supp. 892, 896 (E.D.N.Y. 1985)) ("[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony.").

*Co.*, 167 N.E. 450 (N.Y. 1929); *Nat'l Grange Mut. Ins. Co. v. Diaz*, 490 N.Y.S.2d 516 (App. Div. 1985); *Allstate Ins. Co. v. Manger*, 213 N.Y.S.2d 901, 905 (Sup. Ct. 1961)); *see also Serravillo v. Sterling Ins. Co.*, 689 N.Y.S.2d 521, 522 (App. Div. 1999).

Plaintiff, however, alleges no facts and offers no evidence that could establish an excuse for his failure to notify U.S. Underwriters of the accident. Plaintiff maintains that he was unaware of the identity of Malba Bay Estates' liability carrier, but he fails to allege that he made any effort whatsoever to ascertain the identity of the liability carrier. Plaintiff has failed to carry his burden as a matter of law, and, as a result, U.S. Underwriters is entitled to summary judgment.

## *C. Exclusion of Coverage for Bodily Injury of Employees and Employees of Independent Contractors*

The insurance policy's L-310 endorsement expressly excludes from coverage bodily injury to employees of any insured and employees of any contractor retained by the insured:

> EXCLUSION OF INJURY TO EMPLOYEES,
> CONTRACTORS AND EMPLOYEES OF CONTRACTORS
>
> This insurance does not apply to:
>
> > (i) bodily injury to any employee of any insured, to any contractor hired or retained by or for any insured or to any employee of such contractor, if such claim for bodily injury arises out of and in the course of his employment or retention of such contractor by or for any insured, for which any insured may become liable in any capacity;

(L-310 Endorsement, Def. Ex. 10). By its express terms, this provision precludes U.S. Underwriters from liability for the injury to plaintiff, who was either an employee of the insured

7

or an employee of an independent contractor retained by the insured. Plaintiff advances several arguments against application of this exclusion to preclude recovery, but each is unpersuasive.

First, plaintiff disputes the validity of the L-310 endorsement on the ground that the copy of the policy offered as evidence by U.S. Underwriters is not signed. Plaintiff's argument lacks merit because the copy of the policy provided by U.S. Underwriters, including the L-310 endorsement, was verified in an affidavit of Carol Anne Myrtetus, a claims examiner for U.S. Underwriters. (Def. Ex. 7; Myrtetus Reply Aff.). Plaintiff has alleged no specific facts indicating that a genuine factual issue exists and instead relies entirely on unsubstantiated speculation that the L-310 endorsement was not in force. *See Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

Second, plaintiff argues that the L-310 endorsement conflicts with the L-257 endorsement, which authorizes the acquisition of insurance for, among other things, bodily injury arising out of actions by independent contractors retained by the insured: "This insurance does not apply to 'Bodily Injury', 'Property Damage', 'Personal Injury' or 'Advertising Injury' arising out of operations performed for [the insured] by independent contractors unless [the insured] obtain[s] Certificates of Insurance from such independent contractors providing evidence of the Insurance Coverage and Limits of Liability equal to or greater than those carried by [the insured] contained in this policy, including Statutory Workers' Compensation and Employers Liability." (L 257 Endorsement, Def. Ex. 7). Even assuming *arguendo* that the L 257 endorsement applies to bodily injury to employees of independent contractors, plaintiff's argument fails because neither party has provided evidence that Malba Bay Estates procured insurance for bodily injury arising from the conduct of independent contractors. The L-257 endorsement expressly requires

8

that such evidence be provided: "Coverage under this policy will not change if evidence of certificates of insurance providing insurance coverage and limits of liability equal to or greater than the limits of this policy are not provided." (L-257 Endorsement, Def. Ex. 7). As a result, plaintiff's claims are meritless, and defendant is entitled to summary judgment.

## IV. CONCLUSION

Defendant's motion for summary judgment is granted, and plaintiff's claims are dismissed. The Clerk of Court is directed to close this case.

Dated: Brooklyn, New York
August ~~July~~ 5, 2009

s/ SLT

SANDRA L. TOWNES
United States District Judge